UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
SCHAEFFER & KRONGOLD LLP as assignee of
SCHAEFFER & ZAPSON, LLP,                              Civ.

                                Plaintiff,            **COMPLAINT**

        - against -                     **04 CV 2649**

LAWRENCE NATHAN KORMAN a/k/a
LARRY KORMAN

                        Defendants.
------------------------------------------------------x

        Schaeffer & Krongold LLP, as assignee of Schaeffer & Zapson LLP ("S&K")

Plaintiff Pro Se, as and for its complaint alleges as follows:

## PARTIES

1. Plaintiff is a Limited Liability Partnership formed pursuant to the laws of the State of

New York, having its principal office and place of business at 450 Seventh Avenue, New York, New

York 10123.

2. Upon information and belief, defendant Nathan Lawrence Korman a/k/a Larry Korman

("Korman" or "Defendant") is an individual residing at 1225 River Road, Unit #3, Edgewater, New

Jersey 07020.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC §

1332 and the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars.

4. Venue in this action is based upon Defendant's location in this district and 28 USCA §

1391.

C:\WINDOWS\Temporary Internet Files\OLK41F2\SCH and ZAP v. Korman.doc

## FACTS

5. The Plaintiff/assignor was a law firm representing clients in commercial transactions and commercial litigation.

6. The defendant was a principal of a company called Christy-Lyn, Inc. ("Christy-Lyn").

7. Prior to 1995, the Plaintiff had represented defendant, Christy-Lyn, in both transactional and litigation matters.

8. In 1995, Korman came to Schaeffer & Zapson LLP seeking legal representation in a case in the United States District Court, Southern District of New York, Case No. 95 civ. 9818 before the Honorable Robert W. Sweet in which he and Christy-Lyn were named defendants.

9. The matter was a complex fraud case alleging that Korman, along with others, committed various acts resulting in millions of dollars in damages.

10. The case lasted almost five (5) years, which included extensive motion practice, expert witnesses, and a multitude of depositions in both the United States and Hong Kong.

11. The trial of the matter was conducted in April and May of 2000. The matter was tried before a jury and lasted over four weeks, including approximately 15 days of trial.

12. Several months before the trial of the matter, Christy-Lyn had ceased operations.

13. In or around the beginning of January 2000, once discovery had been completed, Korman was already indebted to the Plaintiff in the sum of $59,324.57 (Bill # "1"). It was agreed with Korman that a separate bill would be rendered for all work going forward (Bill # "2") and he would keep current with the work reflected on Bill # "2". Bill # "1" would be held in abeyance and the parties would address how the Defendant was going to pay it after the trial of the matter.

14. The final amount of Bill # "1" for all work done through the completion of discovery, including costs and disbursements and giving credit for all payments made was $59,324.57.

15. The final amount for Bill # "2" for all pre-trial and trial work which was done was $125,168.45.

16. The total amount due and owing to Plaintiff from the Defendant for Bill # "1" and Bill # "2" is $184,493.02.

17. In or around the end of 2000, the law firm of Schaeffer & Zapson LLP ceased practicing law and the claim against the Defendant was assigned to Schaeffer & Krongold LLP.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

18. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if set forth more fully at length herein.

19. That hereto and beginning in or around 1995 and continuing through and including May 2000, the plaintiff, at the special insistence and request of Defendant, supplied legal services to the Defendant.

20. That there is now due and owing the sum of $184,493.02 including costs and disbursements and giving credit for all monies paid.

21. That Defendant failed to perform the conditions of the parties' Agreement, and is refusing to pay the plaintiff the sum of $184,493.02.

22. That the plaintiff has complied with all of the terms and conditions of the parties' Agreement, providing Defendant with legal services.

23. That by reason of the foregoing, Defendant has breached the parties' Agreement causing plaintiff to sustain damages in the sum of $184,493.02.

## AS AND FOR A SECOND CAUSE OF ACTION
## ACCOUNT STATED

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in THE preceding paragraphs with the same force and effect as if set forth at length herein.

25. That on or about April 28, 2000 an account was stated between the plaintiff and Defendant and upon such account it was stated that a balance of $184,493.02 was due and agreed to be due to the plaintiff from the Defendant.

26. The statement of account was delivered to, accepted and retained by the defendant

Four Hundred Ninety Three and 02/100 ($184,493.02) Dollars;

(ii)   Upon the second cause of action, One Hundred Eighty Four Thousand Four Hundred Ninety Three and 02/100 ($184,493.02) Dollars;

(iii)   Upon the third cause of action, One Hundred Eighty Four Thousand Four Hundred Ninety Three and 02/100 ($184,493.02) Dollars;

(iv)   The cost and disbursements of this action; and

(v)   Such other and further relief as this Court deems just and proper under the circumstances.

Dated: New York, New York
       March 14, 2004

Elliot L. Schaeffer, Esq. (ELS- 4647)
SCHAEFFER & KRONGOLD LLP
450 Seventh Avenue
Suite 1400
New York, New York 10123
(212) 279-3467